UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:                                                          Chapter 13 Case

KARLENE S. PARKER                                  Case No.: 21-10619-SMG
    Debtor.
_____/

**MOTION FOR CLARIFICATION THAT 88TH AVENUE
IS PROPERTY OF THE BANKRUPTCY ESTATE**

COMES NOW Debtor KARLENE S. PARKER by and through her undersigned counsel files the within Motion for Clarification that 88th Avenue is Property of the Bankruptcy Estate and as good cause therefor state as follows:

1. The non-homestead property known as 2861 SW 88th Avenue, Miramar, Florida 33025 [hereinafter referred to as "88th Avenue"] is titled in Debtor's name1. See Exhibit "A".

2. Creditor, First Select, Inc., obtained a Default Final Judgment in the amount of $7,006.90 against the Debtor on July 2, 2001 bearing statutory interest at a rate of 11 percent per annum. The current amount owed to creditor is in excess of $13,000.00.

3. The Default Final Judgment operated as a lien against the 88th Avenue property and creditor continued its collection activities.

4. In an effort to collect the amounts owed to it, creditor sought to obtain a Sheriff's

---

1 Although the property is titled in Debtor's name, the beneficial owner of the property is Debtor's sister, Annette Ramballie. The third party beneficial owner still has a viable claim pursuant to Florida Statute §56.16; however, that claim cannot be made until this Court resolves the issue whether the 88th Avenue property is property of the bankruptcy estate.

2/9/2021 wp8                                              1

Sale of the 88th Avenue property. On or about November 10, 2020 Debtor was served with a Notice of Sheriff's Sale2. The Notice of Sheriff's Sale advised that the 88th Avenue property would be sold on January 12, 2021. See Exhibit "B".

5. The 88th Avenue property was auctioned by the Sheriff on January 12, 2021 and there was a high bidder3.

6. Debtor filed the within case on January 25, 2021 under Chapter 13, Title 11 of the United States Bankruptcy Code.

7. The Sheriff issued the Sheriff's Deed to the successful high bidder, Patrick's Custom Painting on January 27, 2021. See Exhibit "C".

8. The issue is whether acceptance of the high bid completes the Sheriff's Sale within the meaning of Florida law, or whether the sale is only completed upon issuance of the Sheriff's Deed?

9. Acceptance of the high bid did not complete the Sheriff's Sale. The sale is only completed after issuance of the Sheriff's Deed. Because the bankruptcy petition was filed prior to the issuance of the Sheriff's Deed, the 88th Avenue property is property of the bankruptcy estate.

10. Analogous guidance is found when courts in this district were asked to determine when a foreclosure sale was completed within the meaning of Florida law. Like the within case, in the foreclosure context, the property would go up for online auction and there would be a high bidder. After acceptance of the high bid, but before the clerk issued the

---

2 Debtor contends that service was not proper pursuant to Florida Statute §56.21, but concedes that is not an issue to be decided by this Court.

3 Upon information and belief, the high bidder is Patrick's Custom Painting. As an interested party to these proceedings, it will be served with the within motion and any notice of hearing on this matter.

Certificate of Sale, the debtor would file for bankruptcy protection. The issue was whether the property was "sold" within the meaning of Florida law and whether the property was property of the bankruptcy estate.

11. It is settled law in Florida that the filing of a bankruptcy petition prior to the issuance of the Certificate of Sale imposes the automatic stay pursuant to 11 U.S.C. §362 and that the real property is now an asset of the bankruptcy estate. See In re Jaar, 186 B.R. 148 (Bankr. M.D. Fla 1995) holding that "this Court concludes that in Florida a residence is sold at a foreclosure sale within the meaning of Section 1322(c)(1) at the time that the certificate of sale is filed by the clerk of the state court." The online sale only establishes the high bid, it does not conclude the sale. "In Florida, the filing of the certificate of sale, rather than the acceptance of the high bid at the public bidding, is the conclusion of the foreclosure sale." Id.

12. In the instant case, the bankruptcy petition was filed prior to the issuance of the Sheriff's Deed. The sale was not completed and as a result the 88th Avenue property is property of the bankruptcy estate.

13. Florida statute section 56.25 is also very instructive. The statute provides:

> When a sale is made under an execution, the officer making the sale shall execute and deliver to the purchaser a deed or bill of sale to the property on payment of the purchase money and the cost of the deed or bill of sale. FLA. STAT. §56.25.

14. A plain reading of the statute and giving meaning to words in their ordinary context leads to the conclusion that a sale is made when the Sheriff issues the Bill of Sale or the Sheriff's Deed. A sale is not made when the high bid is accepted. Because the bankruptcy petition was filed prior the issuance of the Sheriff's Deed, the 88th Avenue

property is property of the estate.

15.   The Sheriff's Deed executed on January 27, 2021 and recorded on January 29, 2021 is invalid and the issuance of the same is a violation of the automatic stay.

16.   As this Court is aware, all acts in violation of the automatic stay are void *ab initio*. See New Orleans Airport Motel Assoc., Ltd v. Lee (In re Servico), 144 B.R. 993, 995 (Bankr. S.D. Fla. 1992).

"Section 362(a)(3) of the Bankruptcy Code provides that "a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "[T]he stay applies to attempts to obtain control over tangible and intangible property . . . ." Henkel v. Lickman (In re Lickman), 297 B.R. 162, 188 (Bankr. M.D. Fla. 2003) (internal quotation omitted).

("The purpose of the automatic stay is not to . . . ultimately prevent the exercise of the available rights of any party . . . [but instead is] to prevent any creditor from becoming a self-determined arbiter of what constitutes property of the estate and what actions are permitted or prohibited by the stay."). Even where an action does not directly affect property of the estate, it is prohibited by the automatic stay if it has an adverse impact on property of the estate. See id. at 790 (citing Amedisys, Inc. v. Nat'l Century Fin. Enters. (In re Nat'l Century Fin. Enters.), 423 F.3d 567, 578 (6th Cir. Ohio 2005).

"Section 362(a)(3) . . . reaches farther [than other provisions in § 362], encompassing every effort to exercise control over property of the estate" In re Klarchek, 508 B.R. at 396 (internal quotation omitted). If the Court finds a willful violation of the stay, the violator may be subject to appropriate sanctions, including damages, an award of

attorney's fees and costs, and injunctive relief. Jove Eng'g v. IRS, 92 F.3d 1539, 1554, 1559 (11th Cir. 1996)." In Re Daya Medicals, Inc., 560 B.R. 855 (2016), Case No.: 15-24931-EPK.

Because the bankruptcy petition was filed prior to the issuance of the Sheriff's Deed, the automatic stay was in effect, the property is property of the bankruptcy estate, and the Sheriff's Deed executed on January 27, 2021 and recorded on January 29, 2021 is void.

WHEREFORE Debtor respectfully request that this Court granting the within motion for the reasons stated herein and enter an order holding that the real property located at 2861 SW 88th Avenue, Miramar, Florida 33025 is property of the bankruptcy estate. It is further requested that this Court enter an order holding that the Sheriff's Deed executed on January 27, 2021 and recorded on January 29, 2021, Instrument Number 117021293 is void.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on Robin Weiner, Esq., Standing Chapter 13 Trustee, P.O. Box 559007, Ft. Lauderdale, Florida 33355, Shafritz & Associates, P.A., pleadings@collectionslawfirm.com , Patrick's Custom Painting 5601 SW 67 Terrace, Davie, Florida 33314, and Broward Sheriff's Office, Attn: Civil Division Enforceable Writs, P.O. Box 9507, Ft. Lauderdale, Florida 33310 and to all interested parties on the service matrix on this 9th day of February 2021.

ORVILLE MCKENZIE, ESQ.
Attorney for Debtor

20401 N.W. 2nd Avenue, Suite 220
Miami, Florida 33169
Telephone: (305) 653-6959
Facsimile: (305) 653-6442

By: /s/Orville McKenzie
    Orville McKenzie
    Florida Bar No.: 0155985

**EXHIBIT "A"**

CFN # 106371925, OR BK 42641, Page 1054, Page 1 of 2, Recorded 08/23/2006 at 08:21 AM, Broward County Commission, Doc. D $1995.00 Deputy Clerk 2085

Case 21-10619-SMG   Doc 15   Filed 02/09/21   Page 8 of 14

γ

Prepared by and return to:
Zachary Zurich
President
Law Office of Zachary Zurich, P.A.
640 Isle of Palms
Fort Lauderdale, FL 33301
954-763-4503
File Number: miramar19a
Will Call No.:

Parcel Identification No. 1112819019

_____ [Space Above This Line For Recording data] _____

# Warranty Deed
(STATUTORY FORM - SECTION 689.02, F.S.)

**This Indenture** made this 17th day of August, 2006 between **Miramar Holdings, LLC, a Florida Limited Liability Company** whose post office address is 9600 NW 25th Street, Penthouse, Doral, FL 33172 of the County of **Miami-Dade**, State of **Florida**, grantor*, and **Karlene Parker, a single woman** whose post office address is 7751 Ramona St, Miramar, FL 33023 of the County of **Broward**, State of **Florida**, grantee*,

**Witnesseth** that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Broward County, Florida**, to-wit:

> Lot 19, Block A, MIRAMAR LANDINGS, according to the Plat thereof, recorded in Plat Book 174, Page 1, of the Public Records of Broward County, Florida.

and said grantor does hereby fully warrant the title to said land SUBJECT TO THE EXCEPTIONS as noted on B-II of title commitment issued concurrent with this closing without reimposing same, and will defend the same against lawful claims of all persons whomsoever.

* "Grantor" and "Grantee" are used for singular or plural, as context requires.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: _Stephen J Bernstein_

Witness Name: _Susie Orozco_

Miramar Holdings, LLC, a Florida Limited Liability Company

By: _____ Date
ANTHONY DEROSA, Manager

(Corporate Seal)

DoubleTime

State of Florida
County of Miami-Dade

The foregoing instrument was acknowledged before me this 17th day of August, 2006 by ANTHONY DEROSA, Manager of Miramar Holdings, LLC, a Florida Limited Liability Company, on behalf of the corporation. He [✓] is personally known to me or [X] has produced a driver's license as identification.

[Notary Seal]

Notary Public

Printed Name: ZACHARY ZURICH

My Commission Expires:

ZACHARY ZURICH
Notary Public - State of Florida
My Commission Expires May 17, 2009
Commission # DD 430395
Bonded By National Notary Assn.

*Warranty Deed (Statutory Form) - Page 2*

DoubleTime

**EXHIBIT "B"**

**** Case 21-10619-SMG Doc 15 Filed 02/09/21 Page 11 of 14 ****
**** FILED: BROWARD COUNTY, FL Brenda D. Forman, CLERK ****

Clerk, please file in Court file

# NOTICE OF SHERIFF'S SALE

First Select, Inc.

Plaintiff,

vs.

Karlene S Parker

Defendant.

IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

CASE # 01-4281-COWE

Notice is hereby given that I, GREGORY TONY, Sheriff of Broward County Florida, under and by virtue of a Writ of Execution heretofore issued out of the above entitled court, in the above styled cause, have levied upon the following real property, situated, lying and being in Broward County, Florida, to-wit:

THE RIGHT TITLE AND INTEREST OF KARLENE S PARKER A/K/A KARLENE PARKER IN THE FOLLOWING PROPERTY TO WIT:

**SPECIFIC DESCRIPTION OF REAL PROPERTY:**

LEGAL DESCRIPTION OF REAL PROPERTY: Lot 19, Block A, Miramar Landings, according to the Plat thereof, recorded in Plat Book 174, Page 1, of the Public Records of Broward County, Florida.

LOCATION OF REAL PROPERTY: 2861 SW 88th Avenue, Miramar, FL 33025

FOLIO NUMBER OF REAL PROPERTY: 5141-28-19-0190

As the property of the above named defendant and may be seen prior to sale at THE ABOVE ADDRESS and on the 12th day of January, A.D., 2021, at the legal hour of sale, namely, eleven o'clock in the forenoon on said day, at Civil Division, Broward Sheriff's Office, Ron Cochran Public Safety Building, 2601 West Broward Boulevard, Ft. Lauderdale, Broward County, Florida, 33312, I will offer sale and sell to the highest bidder for cash, in hand, the above described property, as the property of said defendant to satisfy said Execution subject to any and all prior liens.

Advertised: 12/8/2020, 12/15/2020, 12/22/2020, 12/29/2020

Dated: 11/30/2020

GREGORY TONY, Sheriff
Broward County, Florida

By _____
Martha Lopez, Civil Writs Specialist

Send Bill To:
SHERIFF OF BROWARD COUNTY
ATTENTION: CIVIL DIVISION
ENFORCEABLE WRITS
P.O. BOX 9507
FORT LAUDERDALE, FLORIDA 33310
ACCOUNT#: 16655 BSO C#9 (Revised 10/01)

ATTORNEY: Shafritz & Associates, P.A.
601 N Congress Avenue
Suite 424
Delray Beach, FL 33445

PAGE 1

EXHIBIT "C"

## SHERIFF'S DEED

THIS INDENTURE, made this 12th day of January 2021, between GREGORY TONY, Sheriff of **Broward** County, State of Florida, of the first party, and PATRICK'S CUSTOM PAINTING, party of the second part whose permanent address is: 5601 SW 67th Terrace Davie, FL 33314 WHEREAS, by virtue of certain execution issued out of and under the seal of the COUNTY Court for BROWARD County attested the 14th day of June, A.D., 2018, in the suit of FIRST SELECT, INC., plaintiff(s), against KARLENE S PARKER, defendant(s), directed and delivered to the said



Sheriff, commanding him, that of the goods and chattels, lands and tenements of said defendant, he cause to be made certain monies in said execution specified and said Sheriff did levy on and seize all the estate, right title and interest which said defendant had of, in and to the property hereinafter described; and on the 12th day of January, A.D. 2021, a legal sale day, sold the said property at public auction at the Broward County Sheriff's Office, in the **County of Broward and City of Fort Lauderdale** in said State and County, having first given public notice of the time and place of such sale, by advertising said property for sale, in manner and form as required by the statute in such case made and provided, in the **Broward Daily Business Review**, an official newspaper published in said **Fort Lauderdale**, in said County, for thirty days next preceding said day of sale; and that at such sale the said property was struck off to the said party of the second part, for the sum of FORTY FIVE THOUSAND DOLLARS AND ZERO CENTS ($45,000.00), he/she/it being the highest bidder therefore, and that being the highest sum bid for the same.

**NOW THIS INDENTURE WITNESSETH,** that the said party of the first part, as Sheriff as foresaid, by virtue of the said execution, and in pursuance of the statute in such case made and provided, and in consideration of the sum of money so bid as aforesaid, and in hand paid to the said party of the first part by the said party of the second part, and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold and conveyed, and by these presents doth grant, bargain, sell and convey unto PATRICK'S CUSTOM PAINTING, the said party of the second part, all the estate, right, title and interest, which the said defendant had on the day of 12th day of January, A.D., 2021, or at any time afterwards, of, in and to all that certain **Real Property** in the County of **Broward**, Florida, known and described as follows:

```
THE RIGHT TITLE AND INTEREST OF KARLENE S PARKER A/K/A KARLENE PARKER IN THE
FOLLOWING PROPERTY TO WIT:
```

SO C#60 (New 8/00)

- 1 -

(2)

SPECIFIC DESCRIPTION OF REAL PROPERTY:

LEGAL DESCRIPTION OF REAL PROPERTY: Lot 19, Block A, Miramar Landings, according to the Plat thereof, recorded in Plat Book 174, Page 1, of the Public Records of Broward County, Florida.

LOCATION OF REAL PROPERTY: 2861 SW 88th Avenue, Miramar, FL 33025

FOLIO NUMBER OF REAL PROPERTY: 5141-28-19-0190

TO HAVE AND TO HOLD said described property unto said party of the second part, his heirs and assigns forever as fully and absolutely as the said party of the first part, as Sheriff as aforesaid, can or should convey by virtue of said execution and laws relating thereto.

Approved as to form and legal sufficiency subject to the execution by the parties
By: _____
Terrence Lynch, General Counsel
Broward Sheriff's Office
Date: 1/27/21

IN WITNESS THEREOF, the said party of the first part, as Sheriff as aforesaid, has hereunto set his hand and affixed his seal the 27 day of January A.D. 2021

_____ (SEAL)
Gregory Tony
Sheriff of BROWARD County

Signed, sealed and delivered in presence of:
_____
_____

STATE OF FLORIDA
COUNTY OF BROWARD

The foregoing instrument was acknowledged before me the 27 day of January, 20 21 by Gregory Tony, who is personally known to me.

_____
NOTARY PUBLIC
Print, Type, or Stamp Commissioned Name of Notary Public

Katherine A. Wilson
Comm. #GG987932
Expires: June 12, 2024
Bonded Thru Aaron Notary

Prepared by:
Martha Lopez
Broward Sheriff's Office
Civil Unit/Enforceable Writs
Public Safety Building
Fort Lauderdale, Florida 33312
BSO C#9 (Revised 10/01)

SO C#60 (New 8/00)

- 2 -